Mr. Jerome E. Brant County Counselor of Clay County 17 East Kansas Liberty, Missouri 64068
Dear Mr. Brant:
This letter is in response to your opinion request on the following question:
 "Does the Clay County Court have any authority to determine what deputies or other employees the sheriff of Clay County would hire, or any authority to set the salaries of deputy sheriffs, or other employees, within the sheriff's office?"
Clay County is a first class county without a charter form of government. Therefore, Section 57.201 applies to Clay County.
An applicable statute is Section 57.201, RSMo Supp. 1975, which states:
 "1. The sheriff of all counties of the first class not having a charter form of government shall appoint such deputies, assistants and other employees as he deems necessary for the proper discharge of the duties of his office and may set their compensation within the limits of the allocations made for that purpose by the county court. The compensation for the deputies, assistants and employees shall be paid in equal installments out of the county treasury in the same manner as other county employees are paid.
 "2. The deputies, assistants and employees shall hold office at the pleasure of the sheriff."
It is the intent of the legislature to clearly require that the sheriff of all counties of the first class not having a charter form of government appoint his deputies, assistants, and other employees and set their compensation within the limits of the allocations made for that purpose by the county court. Deference should be paid to the manifest legislative intent. In construing statutes, the object is to ascertain the intent of the legislature from the plain words in the enactment.
In addition to Section 57.201.1, it is noted that Section57.201.2 requires that all deputies, assistants, and employees hold office at the pleasure of the sheriff. This further manifests the intent of the legislature to give complete supervisory authority including the authority to hire and fire to the sheriff in relation to his deputies, assistants, and employees.
We now turn to the matter of compensation of these employees. The language in Section 57.201.1 indicates that the sheriff "may" set their compensation within the limits of the allocations made for that purpose by the county court. We note that Section 50.540.4, RSMo 1969, provides that the budget officer of a first class county shall recommend and the county court shall fix all salaries of employees other than those established by law. It is our view that Section 57.201.1 establishes by law that the sheriff in counties of the first class not having a charter form of government may set the compensation of the employees within the limits of the allocation made for that purpose by the county court. It is noted, however, that any compensation established by the sheriff for his deputies, assistants, and other employees is subject to the limits of the allocation made for that purpose by the county court.
CONCLUSION
It is the opinion of this office that the sheriff of a first class county without a charter form of government has the exclusive authority to hire or fire deputies, assistants, and other employees in his office and to establish the compensation for his staff within the limits of the allocations made for that purpose by the county court.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General